IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| BERISH BERGER, et al.,      | :  |                |
|-----------------------------|----|----------------|
|           Plaintiffs,       | :  | CIVIL ACTION   |
|                             | :  |                |
|           v.                | :  |                |
|                             | :  | No. 08-5861    |
| ELI WEINSTEIN, et al.,      | :  | No. 08-4059    |
|           Defendants.       | :  |                |

## MEMORANDUM

Schiller, J.                                    June 9, 2015

  Movant Jatinder Chawla, wife of Judgment Debtor Ravinder Chawla, seeks to quash or modify a subpoena issued by Judgment Creditors on May 6, 2015. The subpoena commands her deposition in aid of execution upon her husband's assets and contains a rider with seventy-eight requests for production of documents. Movant likewise seeks a protective order prohibiting disclosure of the requested information. For the following reasons, Movant's motion is denied.

## I.   FACTS

  In August 2010, Plaintiffs ("Judgment Creditors") obtained a $33 million judgment against Ravinder Chawla. (Mem. of Law in Support of Def. Jatinder Chawla's Mot. to Quash Subpoena and for Protective Order [Movant's Mem.] at 2.) Jatinder's assets are not subject to execution pursuant to this judgment. (*Id.*) The Judgment Creditors have been frustrated in their attempts to execute the judgment against Ravinder, as he claims to have virtually no assets and no salary. (Mem. of Law. in Opp'n to Jatinder Chawla's Mot. to Quash Subpoena and for Protective Order [Opp'n Mem.] at 1.) However, Jatinder, who testified at a previous deposition that she was a housewife and occasional bookkeeper, apparently has an ownership interest in over thirty business entities whose primary assets are real property. (*Id.* at 2.) Judgment Creditors

allege that Ravinder actually runs these businesses and creates wealth in his wife's name in order to frustrate execution. (*Id.*) Jatinder previously testified that she had no knowledge of most of these businesses. (Movant's Mem. at 14.)

On May 6, 2015, Judgment Creditors served Jatinder with a subpoena to testify on May 18, 2015. (Opp'n Mem. Ex. A.) The subpoena included seventy-eight requests for production of documents. (*Id.*) However, the next day, Jatinder's counsel notified Judgment Creditors' counsel that Jatinder would be out of the country on May 18 to tend to her ailing father and was thus unable to comply with the subpoena until her return in August. (Movant's Mem. at 8.) Jatinder filed this motion on May 19. (Opp'n Mem. at 9.) On May 29, Jatinder's counsel informed Judgment Creditor's counsel that Jatinder had returned to the United States with her father. (*Id.* at 10.)

## II. STANDARD OF REVIEW

A judgment creditor may obtain discovery from any person as provided in the Federal Rules of Civil Procedure or the procedure of the state where the court is located. Fed. R. Civ. P. 69(a)(2). However, the creditor's inquiry is limited to discovering concealed assets of the judgment debtor and may not be used to harass the debtor or third parties. *See ITOCHU Int'l, Inc. v. Devon Robotics, LLC*, 303 F.R.D. 229, 231 (E.D. Pa. 2014). "A party seeking discovery bears the initial burden of demonstrating the requested discovery is relevant to its claim or defense." *First Sealord Sur. v. Durkin & Devries Ins. Agency*, 918 F. Supp. 2d 362, 382 (E.D. Pa. 2013). Once that burden is met, the opposing party must demonstrate that the requested discovery (1) does not come within the broad scope of relevance under the Federal Rules of Civil

Procedure, or (2) is of such marginal relevance that the harm would outweigh the presumption in favor of disclosure. *Id.* at 383.

III. **DISCUSSION**

   A. **Movant's Motion to Quash or Modify the Subpoena**

Jatinder argues that compliance with the subpoena would present an undue burden or subject her to harassment. A court may quash or modify an unduly burdensome subpoena. Fed. R. Civ. P. 45(d)(3)(iv). To demonstrate an undue burden, the movant must establish that compliance with the subpoena would be "unreasonable and oppressive." *Owens v. QVC*, 221 F.R.D. 430, 432 (E.D. Pa. 2004). The court must consider factors such as relevance, need, confidentiality, and harm in evaluating whether a movant has met this "heavy burden" of proof. *First Sealord*, 918 F. Supp. 2d at 383.

The Court concludes that Judgment Creditors' subpoena does not impose an undue burden on Jatinder.[1] While Jatinder accuses Judgment Creditors of embarking on a fishing expedition, her testimony and documents are relevant as to whether Ravinder's business dealings are designed to frustrate creditors. Discovery into spousal or marital assets is highly relevant if there is reasonable doubt about the propriety of asset transfers. *ITOCHU*, 303 F.R.D. at 233 (citations omitted). Further, it is neither unreasonable nor oppressive for Judgment Creditors to inquire into Jatinder's ownership interests in numerous real estate entities. If Jatinder is the sole owner of several business entities, as she claims, she would logically be the best source of the requested documents. (*See* Movant's Mem. at 10.) Finally, Judgment Creditors' subpoena is not duplicative and does not subject Jatinder to harassment. While she denied personal knowledge of

---
[1] As Jatinder has returned to the United States from India, her inability to comply with the subpoena because she is out of the country is now moot.

the relevant business entities in her deposition, the proper inquiry is whether she possesses documents or information which would aid in discovery. *See Composition Roofers Union Local 30 Welfare Trust Fund v. Graveley Roofing Enters., Inc.*, 160 F.R.D. 70, 72 (E.D. Pa. 1995). Here, there is reason to believe that Jatinder possesses information relating to at least some of the business entities referenced in the subpoena, which Judgment Creditors have been unable to obtain from Ravinder or any other source. *See id.* Therefore, the Court determines that Jatinder has failed to prove undue burden or harassment, and accordingly denies the motion to quash or modify the subpoena.

### B. Movant's Motion for a Protective Order

Jatinder further argues that this Court should issue a protective order, because responding to the subpoena in its current form would subject her to annoyance, embarrassment, oppression, undue burden, and expense. A party wishing to obtain a protective order must demonstrate good cause. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). Good cause may be established by showing that disclosure will cause a clearly defined, specific, and serious injury to the moving party; broad allegations of harm are insufficient. *Id.* The moving party bears the burden of justifying the confidentiality of every document sought to be covered by the protective order. *Id.* at 786-87. Courts may consider several non-exhaustive factors ("*Pansy* factors") to evaluate whether good cause exists. *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (citing *Pansy*, 23 F.3d at 787-91). These factors include:

> 1) whether disclosure will violate any privacy interests;
> 2) whether the information is being sought for a legitimate purpose or for an improper purpose;
> 3) whether disclosure of the information will cause a party embarrassment;
> 4) whether confidentiality is being sought over information important to public health and safety;

    5) whether the sharing of information among litigants will promote fairness and efficiency;
    6) whether a party benefitting from the order of confidentiality is a public entity or official; and
    7) whether the case involves issues important to the public.

*Id.*

  Here, the appropriate *Pansy* factors weigh strongly against granting a protective order. The Court has already determined that the information is being sought for a legitimate purpose that strongly outweighs any privacy interest Jatinder might have in her business dealings. Further, inquiries into Jatinder's personal property are highly probative as to whether Ravinder is accumulating assets or conducting business in his wife's name. *See ITOCHU*, 303 F.R.D. at 233 ("Such information is relevant as it may lead to the discovery of marital assets out of which the judgment may be recovered, or to money or property that may have been transferred to the spouse to evade creditors.") (quoting *Andrews v. Raphaelson*, No. 09-cv-077, 2009 WL 1211136, at *3 (E.D. Ky. Apr. 30, 2009)). Disclosure of the requested documents will promote fairness and efficiency in the execution of the judgment, and there is no evidence that Jatinder will suffer embarrassment or harassment by complying with Judgment Creditors' requests. Therefore, the Court declines to grant a protective order and will require Jatinder to comply with the subpoena in its present form.

## IV. CONCLUSION

  For the foregoing reasons, Movant Jatinder Chawla's motion is denied. An Order consistent with this Memorandum will be docketed separately.